YELVERTON, Judge.
The defendant, Clifton 0. Ford, was convicted of production of marijuana, a violation of La.R.S. 40:966, and possession of marijuana, a violation of La.R.S. 40:966. He appeals his conviction based on two assignments of error. We affirm.
His first assignment is the trial court denial of his motion to suppress the evidence. The evidence consisted of a bundle of just-harvested marijuana stalks.
At about 8:00 P.M. on June 22, 1985, James Poole, a LaSalle Parish Deputy Sheriff, received information from a confidential informant that Ford was at his marijuana patch. The informant was well known to the officer and had given reliable information in the past. The informant told the officer that he knew Ford was there because he had just seen Ford’s truck parked out there in the woods. The location was off a narrow gravel road through International Paper Company woodlands in LaSalle Parish. It was an uninhabited area, the closest home being a mile away. The trial on which Ford’s truck was said to be parked was about the width of a dozer blade, and was a mere haul road which led nowhere except to the point where International Paper had once cut some trees. Both the deputy and the informant knew that there was a marijuana crop in the woods.
After receiving this information from the informant, Poole drove to the location where the informant said Ford’s truck was parked, and Poole found Ford’s truck parked there. Poole likewise recognized the truck as Ford’s. He backed away and called for help and was later joined by Deputy Cruse.
*777 They waited on the IP-1 (the International Paper gravel road) until defendant drove out from the trial in the woods coming from his marijuana patch. By this time it was dark. When defendant got to the IP-1 and turned onto it, the officers turned on their red lights and their spotlight. Ford at that time slid across the seat and threw an object out of the passenger window of his truck. Ford then tried to go around the police car but ran into a ditch. The officers retrieved the object that had been thrown out the window, which turned out to be a trash bag binding recently harvested marijuana stalks. Ford was arrested on the spot.
Relying on State v. Raheem, 464 So.2d 293 (La.1985) and State v. Ruffin, 448 So.2d 1274 (La.1984), the defendant argues that there was no probable cause for his arrest and that the trial court should have granted his motion to suppress the evidence. We find the cited cases distinguishable.
Probable cause to arrest without a warrant exists when the facts and circumstances within the officer’s knowledge of which he had reasonable trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person arrested has committed a crime. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Raheem, supra; Ruffin, supra.
Probable cause must be judged by the probabilities and practical considerations of everyday life on which average men, and particularly average police officers, can be expected to act. Raheem, supra.
In Ruffin, supra, the confidential informant reported that the defendant was standing on the corner of a city street with a stolen check in his pocket trying to cash it. The police went to the intersection, saw defendant getting into a car, followed the car for two blocks, then stopped it and made the arrest. In Raheem, supra, the confidential informant reported that defendants were riding around on a certain city street in a beige Cadillac with Michigan plates, and that they were selling narcotics. The police followed the tip, caught up with the car, stopped it and arrested the occupants.
The evidence seized in both these cases (a stolen check in one and controlled dangerous substances in the other) was suppressed. In Ruffin it was held there was insufficient information from the informant to establish probable cause. Standing on the corner does not suggest illegal activity, and there was no indication how the confidential informant came by his information, whether he had personal knowledge of it or otherwise. In Raheem, similarly, riding down the street did not suggest by itself criminal activity. There was nothing suspicious or criminal about the conduct of the defendants as they drove down the street. There were no articulated facts given on the informant’s personal knowledge connecting defendants with any unlawful activity. The Supreme Court held in these two cases that the weakness of the informant’s basis of knowledge under the totality of the circumstances analysis militated against a finding of probable cause.
The informant in our present case had personal knowledge of his information. He knew Ford’s truck and saw it parked on the trail out in the woods. He identified its location as “at his [Ford’s] marijuana patch.” The informant knew a marijuana patch was out there, as did the officers. The presence of defendant’s truck in this remote uninhabited area of extensive woodlands, on a trail that led nowhere except to a marijuana patch, was enough to lead the average police officer to believe that the defendant was out there in relationship to the marijuana patch, an illegal activity. There was no question about the informant’s basis of knowledge, as he told the police officer that he had seen the defendant’s truck there personally.
Moreover, once Officer Poole arrived at the location, he confirmed by his own observation the identical information given by the confidential informant. He walked up the trail far enough to see the pickup truck. He recognized it as belonging to the defendant. He knew about the marijuana patch.
*778 If any question remained as to whether the officers had probable cause to stop Ford when they did, that question was eliminated when, upon seeing them, he slid over to the passenger side and tossed the object (the bundle of his harvest) out the passenger window.
The suggestion of criminal activity on the information presented in this case can hardly be compared to information that a man is merely standing on the corner of a busy city intersection, or that a car is simply driving down a busy city street. This was not just a case of a truck parked in the woods. Although neither the informant nor either police officer ever saw the defendant in the marijuana patch, probable cause requirements are satisfied by connecting the dots between defendant’s isolated truck in the woods, his isolated marijuana patch in the woods, and defendant himself.
Under the totality of the circumstances rationale articulated in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), we find that the motion to suppress was properly denied. This assignment has no merit.
In his other assignment of error defendant complains that the evidence was insufficient to convict him of production of marijuana.
La.R.S. 40:966(A)(1) provides:
“A. Manufacture; Distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
“(1) to produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule I.
La.R.S. 40:961 defines production:
“(31) ‘Production’ includes the manufacture, planting, cultivation, growing or harvesting of a controlled dangerous substance.”
The defendant correctly asserts that in order to validly convict him, the state had to prove that he knowingly or intentionally produced the marijuana.
The standard of appellate review in cases involving challenges to the sufficiency of evidence is whether, viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The bundle of recently harvested marijuana stalks, wrapped with a garbage bag and tied with string, which the officers retrieved from the ground after it had been thrown by defendant from his truck, contained dirt, which was evidence of a recent harvest. In addition, in the bed of defendant’s truck there was a bucket, a rake, some shears and some digging tools.
On the morning following the arrest, at about 7:00 A.M., the police officers went back to the marijuana patch and found footprints in the dirt between the location of Ford’s vehicle the night before and the marijuana patch. They matched the defendant’s boots with the footprints and took photographs of them. No other footprints were found in the area. They testified that the marijuana patch was clean of grass, and looked like it had been tended, and that it had recently been cleared.
Defendant’s argument regarding the insufficiency of the evidence is that there was no direct evidence that the marijuana belonged to him or that he produced it. He argues that a reasonable hypothesis based on the circumstantial evidence is that he stole the marijuana that somebody else planted and cultivated.
As recently stated in State v. Carmouche (La.1987) (Supreme Court of Louisiana, No. 85-KA--0119, January 12, 1987), the court stated:
“When circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 mandates that ‘assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.’ This is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis of the conviction. Ultimately, all evidence, both di *779 rect and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden.”
There is more than ample circumstantial evidence linking defendant to the crime. The mere harvesting of a controlled dangerous substance is included in the definition of “production.” La.R.S. 40:961. The circumstances that point to defendant’s harvesting the crop are strong. Defendant was in this remote area where the crop was located for at least an hour. There was no indication that anyone else was present. When he came out he had what apparently was the entire harvest, wrapped and tied with string, on the seat of the truck beside him. There was fresh dirt in the package. He had garden tools in his possession. He was alone in his truck. The next morning his tracks were found between where his truck was parked and the marijuana patch. The patch had just been harvested.
Considering all the evidence, we find that this evidence, viewed in the light most favorable to the prosecution, excludes every reasonable hypothesis that the defendant was innocent of the production of marijuana. The trial court did not err in finding him guilty. This assignment of error is without merit.
The conviction is affirmed.
AFFIRMED.